**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD MOORE,<br><br>　　　　　　Plaintiff.<br><br>　　v.<br><br>CONSTANTINE CHRISTOU, Trustee of the 1996 CONSTANTINE CHRISTOU AND IOTA CHRISTOU REVOCABLE TRUST, dated September 9, 1996, et al.,<br><br>　　　　　　Defendants. | No.  1:14-cv-01015---SKO<br><br>**ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE** |

On September 4, 2014, Plaintiff Ronald Moore ("Plaintiff") filed a notice of voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action with a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . .

Fed. R. Civ. P. 41(a)(1)(A).

1       "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  At this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims, without prejudice.  *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).  The filing of the notice itself has the effect of closing the action, and the Court no longer has jurisdiction over the claims.  *Id.*

      Accordingly, the Clerk of the Court is HEREBY DIRECTED to close this file pursuant to Plaintiff's Notice of Dismissal filed on September 4, 2014.

IT IS SO ORDERED.

   Dated:   **September 10, 2014**              **/s/ Sheila K. Oberto**
                                                                       UNITED STATES MAGISTRATE JUDGE